FILED
12/11/2023
Tina Henry
CLERK
Cascade County District Court
STATE OF MONTANA
By: Elizabeth Sweeney
DV-7-2023-0000620-NE
Kutzman, John A.
1.00

Travis A. Cushman
Paul R. Haffeman
DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
Telephone: (406) 761-5243
travis.cushman@dhhtlaw.com
paul.haffeman@dhhtlaw.com
*Attorneys for Plaintiff*

## MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| JOHN KEMPA, Personal Representative of the Estate of ALEESHA MAE KEMPA, deceased,<br><br>    Plaintiff,<br><br>-vs-<br><br>JESSE SLAUGHTER (Cascade County Sheriff), CASCADE COUNTY, and DOES A-Z,<br><br>    Defendants. | Cause No. **DV-7-2023-0000620-NE**<br><br>Hon. Judge John A. Kutzman<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, John Kempa, Personal Representative for the Estate of ALEESHA MAE KEMPA, deceased, (Mr. Kempa), and for his claims against the above-named Defendants, states and alleges as follows:

### INTRODUCTION

1. On September 3, 2022, Ms. Aleesha Kempa, (Ms. Kempa), was thirty-five years old when she passed away while detained at the Cascade County Detention Center, (CCDC).

//

## PARTIES

2. Plaintiff, Mr. Kempa, is the duly appointed Personal Representative of the Estate of ALEESHA MAE KEMPA, having been appointed in the Matter of the Estate of ALEESHA MAE KEMPA, deceased, filed in the Montana Eighth Judicial District Court, County of Cascade, Montana, Cause No. ADP-23-0134, (Estate).

3. Decedent, Ms. Kempa, was a detainee in the CCDC, Cascade County, Montana, at all times pertinent hereto,

4. Defendant Cascade County Sheriff Jesse Slaughter, (Sheriff Slaughter), is a citizen of the State of Montana and a resident of Cascade County, Montana.

5. Defendant Cascade County, (County), is a Montana county that operates the CCDC.

6. Defendants, Does A-Z, inclusive, are natural persons or other legal entities whose identities and capacities are unknown to Plaintiff, who therefore brings this action against said Defendants by fictitious names. Said Defendants are either employees, supervisors, or agents of the CCDC, and are responsible in some manner for the negligent occurrences and damages alleged herein. Plaintiff will seek leave of the Cout to amend the Complaint, so it states the true names and capacities of Does A-Z, inclusive, when the same has been ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Mont. Code Ann. § 3-5-302, Mont. R. Civ. P. 4(b)(1), and *Martinez v. California*, 444 U.S. 277, 283 (1980).

8. Venue in this Court is proper pursuant to Mont. Code Ann. §§ 25-2-118 and 126.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

10. Defendant Cascade County maintains and operates the CCDC. *Mont. Code Ann.* § 7-32-2201(4).

11. Cascade County has a duty of care under state and federal law to care for a CCDC inmate's safety and general well-being.

12. Sheriff Slaughter oversees the CCDC. *Mont. Code Ann.* § 7-32-2121(7).

13. The CCDC houses pretrial detainees and persons of inmate status.

14. The Montana Jail Standards of 2016 expressly state that a detention facility must have written policies and procedures to govern the screening for and delivery of mental health care to a mentally ill and/or suicide-prone inmate. *Montana Jail Standards*, 2016, (MJS), pg. 28, § 11.04(f) and §§ 11.10 (a) and (e).

15. The MJS states that a detention facility must have an established procedure for the monthly inspection and maintenance of its first-aid equipment. *MJS*, pg. 29, § 11.09.

16. Each negligent and/or unlawful act or omission alleged herein was committed by a Defendant acting individually, or by an employee, supervisor, or agent of a Defendant who was acting under color of state law, and who was acting within the course and scope of his or her employment or agency with the Defendant and in

furtherance of the interest of the Defendant, and each such act, inaction and/or omission alleged herein is imputable to the Defendant.

17. On August 11, 2023, the Estate presented the claims to the Cascade County Attorney's Office and the Cascade County Clerk and Recorder's office and filed the same therewith pursuant to § 2-9-301(3). On October 6, 2023, the County responded by and through its counsel, disputing the value of the claims and agreeing to accept informal service of this Complaint. As such, the filing of this Complaint in district court is now timely, allowed by law, and includes the following COUNTS.

## COUNT I - NEGLIGENCE

18. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

19. Defendants owed Ms. Kempa a duty to act with reasonable care in screening, housing, and protecting her while she was detained in the CCDC.

20. Defendants breached their duty by failing to ensure that detainees do not suffer and die while being housed in the CCDC.

21. Defendants breach of duty caused or contributed to Ms. Kempa's suicide while detained.

22. As a direct and proximate result of Defendants breach of duty, Plaintiff suffered significant damages as alleged herein.

## COUNT II – MONTANA CONSTITUTIONAL RIGHTS

23. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

24. Pursuant to the Montana Constitution, Ms. Kempa had a fundamental, inalienable, and self-executing right to not be deprived of her life without due process of law.

25. Defendants acts and omissions violated Ms. Kempa's constitutional rights.

26. Defendants acts or omissions caused or contributed to Ms. Kempa's constitutional deprivations, injuries, and damages.

27. As a direct and proximate result of Defendants' unconstitutional acts, inactions, or omissions, Plaintiff suffered significant damages.

## COUNT III – CIVIL RIGHTS CLAIMS

(8th and/or 14th Amendments – 42 USC § 1983, Monell and Liability Claims)

28. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

29. Defendants acted deliberately indifferent and deprived Ms. Kempa of her rights under the Eight and/or Fourteenth Amendments of the U.S. Constitution by failing to follow their policies, customs, or practices of providing the proper number of trained personnel to properly screen and address her mental health status, as well as safely house and protect her while detained.

30. Defendants', and/or Defendants in their supervisory capacities, failure to follow their own rules and policies deprived Ms. Kempa of her constitutional right and posed a substantial risk of death, which Defendants were aware of.

31.     The unconstitutional actions by the Defendants enumerated above and the fact supervisors allowed, approved of, and ratified the unlawful customs or practices failed to prevent Ms. Kempa from committing suicide while detained.

32.     As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff suffered significant damages.

## COUNT IV – SURVIVORSHIP

33.     Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

34.     As a direct and proximate cause of the acts or omissions of Defendants, Ms. Kempa passed away while detained in the CCDC, which resulted in damages to her and her Estate, both prior to and after her death, including mental and physical pain and suffering, lost wages and loss of earning capacity, and funeral and burial expenses.

35.     Plaintiff is entitled to receive all damages allowed by Montana law for a survival claim.

## COUNT V – WRONGFUL DEATH

36.     Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

37.     Although Ms. Kempa was detained at the CCDC, she had a life expectancy of approximately forty-six more years and could look forward to many additional years of life free from incarceration.

38.     As a direct and proximate cause of the acts or omissions of Defendants, Ms. Kempa passed away while being detained, causing her family members to suffer pain,

grief, sorrow, stress, shock, and mental anguish which they will reasonably continue to experience for the rest of their lives.

39. As a consequence of Ms. Kempa's death, her family members will continue to suffer injury by being deprived of her companionship, love, care, comfort, protection, and emotional support.

40. Plaintiff is entitled to receive all damages allowed for wrongful death under Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kempa prays for Judgment against Defendants and for relief as follows:

1. Reasonable compensation for all special and general damages allowed by law, including but not limited to, all economic and non-economic damages, physical pain and suffering, lost wages, loss of future earning capacity, emotional distress, survival damages, and wrongful death damages in an amount the jury concludes is appropriate and reasonable;

2. For all recoverable costs and expenses incurred herein, including but not limited to Ms. Kempa's funeral and burial costs, as well as necessary and reasonable attorney's fees incurred in prosecuting this action; and

3. For any such further and other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

DATED this 11th day of December, 2023.

        DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.

By: *Travis Cushman*
      Travis A. Cushman
      *Attorneys for Plaintiff*