Travis A. Cushman
Paul R. Haffeman
DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT  59401
Telephone: (406) 761-5243
travis.cushman@dhhtlaw.com
paul.haffeman@dhhtlaw.com
  *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JOHN KEMPA, Personal Representative of the Estate of ALEESHA MAE KEMPA, deceased,<br><br>                  Plaintiff,<br><br>-vs-<br><br>JESSE SLAUGHTER (Cascade County Sheriff), CASCADE COUNTY, and DOES A-Z,<br><br>                  Defendants. | CV-24-07-BU-BMM<br><br>*Hon. Judge Brian Morris*<br><br>**FIRST AMENDED COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, John Kempa, Personal Representative for the Estate of ALEESHA MAE KEMPA, deceased, (Mr. Kempa), and for his claims against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1.     On September 3, 2022, Ms. Aleesha Kempa, (Ms. Kempa), was thirty-five years old when she passed away while detained at the Cascade County Detention Center, (CCDC).

## PARTIES

2. Plaintiff, Mr. Kempa, is the duly appointed Personal Representative of the Estate of ALEESHA MAE KEMPA, having been appointed in the Matter of the Estate of ALEESHA MAE KEMPA, deceased, filed in the Montana Eighth Judicial District Court, County of Cascade, Montana, Cause No. ADP-23-0134, (Estate).

3. Decedent, Ms. Kempa, was a pretrial detainee in the CCDC, Cascade County, Montana, at all times pertinent hereto,

4. Defendant Cascade County Sheriff Jesse Slaughter, (Sheriff Slaughter), is a citizen of the State of Montana and a resident of Cascade County, Montana.

5. Defendant Cascade County, (County), is a Montana county that operates the CCDC.

6. Defendants, Does A-Z, inclusive, are natural persons or other legal entities whose identities and capacities are unknown to Plaintiff, who therefore brings this action against said Defendants by fictitious names.  Said Defendants are either employees, supervisors, or agents of the CCDC, and are responsible in some manner for the negligent occurrences and damages alleged herein.  Plaintiff will seek leave of the Cout to amend the Complaint, so it states the true names and capacities of Does A-Z, inclusive, when the same has been ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and Local Rules 1.2 and 3.2.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

10. Defendant Cascade County maintains and operates the CCDC, which houses pretrial detainees and convicted criminals, and is responsible for the safety of both since it has the final policy making authority of the CCDC and the individual Defendants. *Mont. Code Ann.* § 7-32-2201(4).

11. Sheriff Slaughter has the duty to oversee and take charge of the CCDC. *Mont. Code Ann.* § 7-32-2121(7).

12. The Montana Jail Standards of 2016 (MJS), expressly state that a detention facility must have written policies and procedures to govern the screening for and delivery of mental health care to a mentally ill and/or suicide-prone inmate. *MJS* 2016, §§ 11.04(f), 11.10 (a)&(e), 11.12, 11.40, 11.42, 15.04(o), 15.05, and 16.01.

13. The MJS states that a facility administrator is required to conduct weekly inspections of all living areas and promptly correct any identified problems and record them on a checklist or log. Problems include any item found within the confinement facility which is not specifically approved for inmate possession by those charged with the responsibility for the administration and operation of the facility (Contraband). *MJS* §§ 7.14 and 5.05(g).

14. The MJS states that facility employees observe all inmates at least every thirty (30) minutes on an irregular schedule and the time of all such checks is logged. More frequent checks are made of persons who are suicidal, mentally ill, or who have

other special problems warranting closer observation.  Suicidal inmates are under observation until seen by a mental health professional. *MJS* §§ 7.01, 5.05(b) and 8.04

15.     The MJS states that a detention facility must have an established procedure for the monthly inspection and maintenance of its first-aid equipment. *MJS* § 11.09.

16.     Each negligent and/or unlawful act or omission alleged herein was committed by a Defendant acting individually, or by an employee, supervisor, or agent of a Defendant who was acting under color of state law, and who was acting within the course and scope of his or her employment or agency with Defendant Cascade County and in furtherance of the interest of Defendant Cascade County, and each such act, inaction and/or omission alleged herein is imputable to Defendants.

17.     On August 11, 2023, the Estate presented the claims to the Cascade County Attorney's Office and the Cascade County Clerk and Recorder's office and filed the same therewith pursuant to § 2-9-301(3).  On October 6, 2023, the County responded by and through its counsel, disputing the value of the claims and agreeing to accept informal service of the Complaint.

18.     On December 11, 2023, a Complaint against Cascade County and Cascade County Sheriff Jesse Slaughter was filed in the Montana Eighth Judicial District Court, Cascade County, and was assigned to the Honorable Judge John A. Kutzman.

19.     On January 10, 2024, the above-named Defendants, by and through their counsel, filed a Notice of Removal in the United States District Court for the District of Montana, Great Falls Division.

20. Plaintiff's filing of this First Amended Complaint in the United States District Court for the District of Montana, Great Falls Division, is timely, allowed by law, and includes the following COUNTS.

## COUNT I - NEGLIGENCE

21. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

22. Defendants owed Ms. Kempa a duty to act with reasonable care in screening, housing, and protecting her while she was detained in the CCDC.

23. Defendants breached their duty by failing to abide by the sections of the MJS, overcrowding the CCDC with inmates, under staffing the CCDC with detention officers, failing to ensure that mental evaluations and continued mental health care were given, failing to perform visual safety checks, and failing to remove contraband from cell doors all of which created an unsafe condition that could likely cause serious injury or death to detainees housed in the CCDC.

24. Defendants breach of duty caused or contributed to Ms. Kempa's suicide while detained.

25. As a direct and proximate result of Defendants breach of duty, Ms. Kempa suffered significant damages as alleged herein.

## COUNT II – MONTANA CONSTITUTIONAL RIGHTS

26. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

27. Pursuant to the Montana Constitution, Ms. Kempa had a fundamental, inalienable, and self-executing right not to be deprived of her life without due process of law.

28. Defendants' acts and omissions violated Ms. Kempa's constitutional rights.

29. Defendants' acts or omissions caused or contributed to Ms. Kempa's constitutional deprivations, injuries, and damages.

30. As a direct and proximate result of Defendants' unconstitutional acts, inactions, or omissions, Plaintiff suffered significant damages.

## **COUNT III – 42 U.S.C. §1983 – Individual Liability**

31. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

32. At all relevant times, individual Defendants were acting under the color of state law and within the course and scope of his or her employment.

33. Individual Defendants failed to properly perform a mental evaluation of Ms. Kempa during intake or thereafter, conduct the proper amount of periodic visual safety checks of her, or remove the inmate-made rope that was attached to her cell door, thereby inflicting injury on and eventually death of Ms. Kempa depriving her of her federal right to due process and right to life.

34. Individual Defendants knew, or should have known, of Ms. Kempa's mental health condition since she had a documented history of mental illness, was a pretrial detainee being housed on a hold until she could be transported to the Montana State Psychiatric Hospital in Warm Springs, MT, CCDC records, which the individual

Defendants had access to, stated that she had suicidal tendencies and she had displayed suicide ideology during previous detentions.

35. Individual Defendants acted with reckless disregard and/or deliberate indifference to Ms. Kempa when they were aware of, but failed to, follow the CCDC rules and policies violating her constitutional right to be protected.

36. As a direct and proximate result of Defendants' unconstitutional actions stated above, Ms. Kempa was deprived of her Eighth and/or Fourteenth Amendment constitutional rights to be protected which caused her to suffer injuries, death, and damages.

## COUNT IV – 42 U.S.C. §1983 – Supervisory Liability
(Defendant Sheriff Slaughter Only)

37. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

38. Defendant Sheriff Slaughter has a statutory duty to take charge of the CCDC.

39. Defendant Sheriff Slaughter made a deliberate choice to endorse, adopt, and approve CCDC's overcrowding of inmates and understaffing of officers as well as the CCDC officers' and/or subcontractors' failure to properly evaluate, care, and house detainees with mental health disorders and knew that these failures created a substantial risk of serious harm.

40. Defendant Sheriff Slaughter violated Plaintiff's Eighth and/or Fourteenth Amendment rights by failing to take reasonable steps to prevent Ms. Kempa from committing suicide while detained in the CCDC

41. Defendant Sheriff Slaughter's actions were a direct and proximate cause of the constitutional deprivation suffered by Ms. Kempa.

## COUNT V – 42 U.S.C. §1983 – Entity Liability (*Monell*)
(Defendant Cascade County Only)

42. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

43. At all times relevant hereto, Defendant Cascade County was acting under and pursuant to the well settled policies, customs, or practices of failing to provide the proper number of trained personnel to address Ms. Kempa's mental health status and safely house and protect her while detained.

44. Defendant Cascade County's established policies, customs, and practices of failing to train and supervise the proper number of employees and/or subcontractors to protect detainees while in its custody led to the CCDC failing to properly screen and evaluate Ms. Kempa's mental health status, perform periodic direct-view visual safety checks of her, and remove any and all inmate made ropes that were attached to her cell door inflicted injury on Ms. Kempa depriving her of her federal right to due process and right to life.

45. Defendant Cascade County's policy, custom, and practice stated herein was the moving force behind Defendant Cascade County's failure to protect Ms. Kempa from a substantial risk of serious harm and death in violation of her constitutional rights.

46. Defendant Cascade County acted with deliberately indifference to Ms. Kempa when it implicitly or explicitly adopted the policies, customs, and practices as well as when it ratified its officers and subcontractors intentional and/or conscious disregard for her constitutional rights under the Eighth and/or Fourteenth Amendments.

47. Defendant Cascade County's acts or omissions regarding its policies, customs, or practices along with its failure to properly train enough officers and provide adequate mental health care were a direct and proximate cause or contributed to Ms. Kempa's constitutional deprivation, injuries, and damages.

## COUNT VI – SURVIVORSHIP

48. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

49. As a direct and proximate cause of the acts or omissions of Defendants, Ms. Kempa passed away while detained in the CCDC, which resulted in damages to her and her Estate, both prior to and after her death, including mental and physical pain and suffering, lost wages and loss of earning capacity, and funeral and burial expenses.

50. Plaintiff is entitled to receive all damages allowed by Montana law for a survival claim.

//

//

## COUNT VII – WRONGFUL DEATH

51. Plaintiff incorporates by reference his allegations contained in the previous paragraphs as though fully set forth herein.

52. Although Ms. Kempa was detained at the CCDC, she had a life expectancy of approximately forty-six more years and could look forward to many additional years of life free from incarceration.

53. As a direct and proximate cause of the acts or omissions of Defendants, Ms. Kempa passed away while being detained, causing her family members to suffer pain, grief, sorrow, stress, shock, and mental anguish which they will reasonably continue to experience for the rest of their lives.

54. As a consequence of Ms. Kempa's death, her family members will continue to suffer injury by being deprived of her companionship, love, care, comfort, protection, and emotional support.

55. Plaintiff is entitled to receive all damages allowed for wrongful death under Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kempa prays for Judgment against Defendants and for relief as follows:

1. Reasonable compensation for all special and general damages allowed by law, including but not limited to, all economic and non-economic damages, physical pain and suffering, lost wages, loss of future earning capacity, emotional distress, survival

damages, and wrongful death damages in an amount the jury concludes is appropriate and reasonable;

2. For all recoverable costs and expenses incurred herein, including but not limited to Ms. Kempa's funeral and burial costs, as well as necessary and reasonable attorney's fees incurred in prosecuting this action; and

3. For any such further and other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

DATED this 15th day of March, 2024.

DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.


By: /s/ *Travis A. Cushman*
Travis A. Cushman
*Attorneys for Plaintiff*