Jordan Y. Crosby
Seth T. Bonilla
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360
jyc@uazh.com; stb@uazh.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA GREAT FALLS DIVISION

| | |
|---|---|
| JOHN KEMPA, Personal Representative of the Estate of ALEESHA MAE KEMPA, deceased,<br><br>Plaintiff,<br><br>-vs-<br><br>JESSE SLAUGHTER (Cascade County Sheriff), CASCADE COUNTY, and DOES A-Z.<br><br>Defendants. | Case No.  CV-24-07-GF-BMM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Re:  Confidential/Sensitive Documents** |

Plaintiff and Defendants, through their counsel of record, stipulate to the protective order as set out below:

1.    The parties have served discovery requests which call for the production of information and documents which are confidential and private and may be entitled to protection from disclosure.  This includes, but is not limited to, information and

1

documents relating to health care, finances, business, employment and confidential criminal justice information.

2. Recognizing the above-described concerns, the parties, through their respective counsel, stipulate and agree to the following:

a. Documents or other information believed to be confidential, sensitive, and private shall be marked or identified as "Confidential-Subject to Stipulated Protective Order" prior to any dissemination of the information or documents in this action.

b. No party, attorney or their representatives shall publicly disseminate the above-described confidential information and documents except as provided in paragraph 3 below.

c. All confidential information and documents identified herein shall only be used for purposes of this litigation.

d. Upon request and within 30 days of the entry of a final non-appealable order in this lawsuit, the originals and all copies of the confidential information or documents shall be returned to the party producing it or, alternatively, it shall be certified in writing that all copies of the confidential information or documents have been destroyed.

3. The designated information or documents, including copies, shall not be

disseminated except to the following:

    a.    One copy to each party through counsel of record.

    b.    Each counsel or co-counsel of record and staff of counsel of record shall have access to the confidential documents as may be necessary in this litigation in the judgment of that counsel.

    c.    A copy may be provided by counsel of record to any expert witness, or to any consulting expert, who reasonably has need for it. However, prior to distribution, the expert witness or consulting expert shall be provided with a copy of this Protective Order, and he/she shall acknowledge his/her agreement to be bound by this Protective Order.

    d.    Any person whose testimony is taken or is to be taken in this litigation during his or her testimony and in preparation therefor.

    e.    The Court and its personnel.

4.    If copies of confidential information and documents covered by this Protective Order are made exhibits at any deposition or Court proceeding, those exhibits, at the request of any attorney for a party, shall be filed under seal and continue to be treated as confidential information until a further order of the Court.

5.    If a dispute arises as to whether a particular document is confidential, or any other disputed matter relating to this Protective Order, the party or attorneys

contending a document is confidential may, after attempting and failing to resolve the dispute among counsel, file a motion to enforce the terms and conditions of the Protective Order. The documents shall be treated as confidential until a court order determining otherwise is obtained. The designation of a document as confidential does not create any presumption regarding actual confidentiality of any document, nor does it affect the burden of proof necessary for obtaining a further order from the Court freeing the material in question from designation as confidential or a further restricting of its use. If the party asserting confidentiality does not file a motion to determine confidentiality of documents within 30 days of written notice of a dispute regarding the confidentiality of those documents, then those documents will not be considered confidential nor treated as such.

6. This Protective Order may only be amended by: (a) a stipulation signed by counsel for all parties to this litigation and filed with the Court; or (b) further order of this Court.

7. The parties have served discovery requests which call for the production of private, privileged, proprietary documents/information from the Cascade County Sheriff's Office and Cascade County Detention Center.

8. The parties recognize and acknowledge the potential privacy, proprietary and safety concerns of the production of some documents and information the parties

stipulate that said documents will be produced pursuant to the protocol set forth in this Stipulation for Protective Order.

9. Dissemination of the confidential documents are subject to this Stipulation for Protective Order.

10. The parties agree to abide by all the terms of this Stipulation for Protective Order, which are fully incorporated herein.

The parties whose signature lines appear in this document have consented to its filing.

IT IS HEREBY AGREED that Defendant may designate certain discovery responses and materials as "Confidential." Any response or materials designated as "Confidential" will only be disseminated to those persons or entities having a need for them in connection with the pending lawsuit, such as the Court, the parties and their counsel and staff, and consulting and/or testifying expert witnesses, and will not be filed or made part of the public record, but will rather be lodged, under seal, pursuant to this Order. All such Confidential materials will be destroyed following resolution of this case.

\
\

DATED this 23 day of April, 2024.

UGRIN ALEXANDER ZADICK, P.C.

By: _____
Jordan Y. Crosby
Seth T. Bonilla
Attorneys for Defendants

DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.

By: _____
Travis A. Cushman
Paul R. Haffeman
Attorneys for Plaintiff

DATED this 26th day of June, 2024.

_____
Brian Morris, Chief District Judge
United State District Court